UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>TREVON ANTONE LUCAS (1),<br><br>              Defendant. | Case No.:  18cr4224-CAB<br><br>ORDER ON REQUEST FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) [DOC. NO. 141] |

Before the Court is a motion [Doc. No. 141] by defendant Trevon Antone Lucas for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides authorization for a court to reduce a term of imprisonment for extraordinary and compelling reasons.

The defendant was sentenced on October 16, 2019, for distribution of fentanyl resulting in death in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  [Doc. No. 114.]  The count was subject to a 20-year mandatory minimum sentence. [Doc. No. 79.]

In calculating the defendant's guidelines at sentencing, the defendant's base offense level was 38. [Doc. Nos. 105, 112.]  The defendant received an upward adjustment of two points for distribution of a controlled substance through mass marketing, USSG § 2D1.1(b)(7).  [*Id.*]  He received a downward adjustment of three points for his acceptance of responsibility. [*Id.*]

18cr4224-CAB

His total offense level was 37.  He was a zero-point offender[1] and his criminal history category was I. The defendant's guideline range, as he was subject to the mandatory minimum sentence of 240 months, was 240 to 262 months.  [*Id.*]

Based on the government's motion which relieved the Court of the mandatory minimum, and after considering all the §3553(a) factors, the Court sentenced the defendant to 180 months of custody, followed by five years of supervised release.   [Doc. No. 114.] At this time the defendant represents he has served approximately seven years and seven months of his sentence and has a projected release date of May 25, 2031.  [Doc. No. 141.]

Defendant now requests a reduction in his sentence asserting "extraordinary and compelling reasons," pursuant to 18 U.S.C. § 3582(c)(1)(A).  Specifically, the defendant contends he received an unusually long sentence in comparison to others convicted of the same offense, that he has served a substantial portion of his sentence and that he has engaged in significant post-sentencing rehabilitation, and he is structurally barred from receiving First Step Act credits to reduce his custodial time.  [*Id.*]  Defendant represents he submitted his request for compassionate release to the warden of the institution in which he is incarcerated on or about July 7, 2025, and received no relief.  [*Id.*]  Having satisfied the exhaustion requirement, the defendant filed this motion, *pro se*, on April 13, 2026.

After review of the defendant's motion and the relevant records in this case the Court DENIES the defendant's request for reduction of sentence.

The Court may not modify a term of imprisonment once it has been imposed except, as is relevant to this motion, after considering the factors set forth in section 3553(a), it finds extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13(a)(1).

---

[1] The offense resulted in a death, so he was not eligible for the retroactive zero-point offender adjustment. USSG § 4C1.1(a)(4). Nor was he eligible for safety valve consideration. USSG § 5C1.2(a)(3).

18cr4224-CAB

The defendant contends he is subject to an unusually long sentence in comparison to others resulting in sentencing disparity. The defendant was subject to a 240-month mandatory minimum sentence for the death caused by his distribution of fentanyl. That mandatory minimum custodial term was the low end of his calculated guideline range.

The defendant received relief from the mandatory 240-month sentence due to substantial assistance, and the government therefore recommended a sentence of 180 months. Although the defendant provides examples of lower sentences imposed in other fentanyl death cases, his sentence is not the highest among those he self-identified. [Doc. No, 141.] It is comparable to the average of the cases he lists for an offense that has a 240-month mandatory minimum. The Court finds no extraordinary and compelling reason to reduce the defendant's sentence based on his contention of sentencing disparity.[2]

The defendant also contends that his length of time served and his efforts at rehabilitation justify a sentence reduction. The defendant has only completed approximately half his sentence. While the Court acknowledges he has engaged in many rehabilitative programs [*id.*], rehabilitation by itself is not considered an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); USSG § 1B1.13(d). Further, the Court does not find that his ineligibility for credits under the First Step Act creates a combination of circumstances that amounts to an extraordinary and compelling reason to reduce his sentence. USSG § 1B1.13(b)(5).

Finally, after considering the factors set forth in 18 U.S.C. §3553(a), including the seriousness of the defendant's offense of conviction – his knowing and reckless distribution of fentanyl for financial benefit that resulted in the death of an individual, his history and record, the danger he may pose to the community, and the fact that he has served about

---

[2] The defendant also does not meet the qualifications for sentence reduction for an "unusually long sentence" as set forth in USSG § 1B1.13(b)(6), which requires that the defendant has served at least 10 years of his sentence and a change in the law that results in a gross disparity in the sentence imposed and one that would be imposed at the time the motion was filed.

18cr4224-CAB

50% of his custodial sentence, the Court finds that the defendant has not, at this time, established extraordinary and compelling reasons for a reduction in his sentence.

The defendant's motion is therefore DENIED.

**IT IS SO ORDERED.**

Date:  April 20, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

18cr4224-CAB